DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Alonzo A. Burt, appeals the decision of the Cuyahoga Falls Municipal Court, which found him guilty of domestic violence and sentenced him accordingly. This Court affirms.
 I. {¶ 2} On November 9, 2001, appellant was charged with one count of domestic violence in violation of R.C. 2919.25 and one count of obstructing official business in violation of R.C. 2921.31. Appellant pled not guilty at his arraignment and the trial court scheduled the pre-trial hearing for November 29, 2001. Appellant failed to appear for his hearing and the trial court issued a bench warrant for appellant, later recalled the warrant, and reset the pre-trial hearing for December 14, 2001. Appellant failed to appear for his hearing a second time and the trial court again issued a bench warrant for appellant and scheduled the case for trial on January 7, 2002.
 {¶ 3} The case proceeded to trial and appellant was found guilty of domestic violence and not guilty of obstructing official business. The court sentenced him to 30 days in jail, fined him $500.00 and court costs, and suspended his fine. After serving 22 days in the Summit County Jail, appellant's remaining jail time was suspended by the court on the condition appellant pay his court costs.
 {¶ 4} Appellant timely appealed, setting forth two assignments of error for review. For reasons set forth below, this Court does not reach the merits of appellant's arguments.
 II. FIRST ASSIGNMENT OF ERROR {¶ 5} "Appellant Was Denied His Constitutional Right To Counsel Pursuant To The Sixth And Fourteenth Amendments To The United States Constitution And Article I, Section 10 Of The Ohio Constitution."
 SECOND ASSIGNMENT OF ERROR {¶ 6} "The Trial Court Erred By Imposing A Sentence Of Confinement Upon Appellant After Refusing To Appoint An Attorney For Appellant."
 {¶ 7} In his first assignment of error, appellant argues that he was denied his right to counsel. In his second assignment of error, appellant argues that the trial court erred in sentencing him to jail after it refused to appoint counsel for him.
 {¶ 8} This Court's review is limited to the record provided by the appellant for his appeal. App.R. 9. See, also, App.R. 12(A)(1)(b). It is well settled that App.R. 9(B) provides the following:
"[T]he appellant assumes the duty to ensure that the record, or the portion necessary for review on appeal, is filed with the appellate court. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. See, also, App.R. 10(A); Loc.R. 5(A); State v. Ishmail (1978),54 Ohio St.2d 402, 405-406. This duty falls upon the appellant because the appellant has the burden on appeal to establish error in the trial court. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; App.R. 9(B)." State v. Sugalski, 9th Dist. No. 02CA0054-M,2002-Ohio-6767, at ¶ 11.
 {¶ 9} In this case, the record on appeal consists of the docket and journal entries from the trial court. This Court finds that the docket and journal entries, without any transcript or App.R. 9(C) statement of the relevant trial court proceedings, are insufficient to satisfy the appellant's burden of establishing error.
 {¶ 10} Appellant argues the trial court erred by denying him the right to counsel and then sentencing him to jail time. This Court notes that it granted eight extensions to appellant to allow him time to coordinate with the trial court and the prosecutor to obtain transcripts or statements of the evidence necessary to complete the record on appeal. Despite the eight extensions over an eight-month period of time this Court granted appellant, he was unsuccessful at obtaining court approval of his App.R. 9(C) statement of evidence for the record. Nonetheless, it is appellant's burden to provide the record on appeal and to use any legal means available, including a writ of mandamus, in order to complete that record for his appeal. This Court has held:
"A presumption of validity accompanies the ruling of the trial court. Without those portions of the record necessary for the resolution of an appellant's assignment of error, `the reviewing court has nothing to pass upon and * * * has no choice but to presume the validity of the lower court's proceedings and affirm.'" Sugalski at ¶ 15, quoting Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 11} Appellant failed to provide the relevant portions of the record, in the form of either a transcript or App.R. 9(C) statement, necessary for review of his assignments of error; therefore, this Court must presume the regularity of the trial court's proceedings and affirm its judgment. See, e.g., Buckingham, Doolittle Burroughs v. Brady
(Feb. 1, 1995), 9th Dist. No. 16835; Kaser v. Kaser (Oct. 7, 1992), 9th Dist. No. 2110.
 III. {¶ 12} Accordingly, appellant's two assignments of error are overruled. The judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
WHITMORE, J. CONCURS.